UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL L. CONE

v.  Case No.: 8:10-cv-1975-T-24 MAP
  8:06-cr-43-T-24 MAP

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner Michael L. Cone's Motion for Reconsideration.[1]  (CV Doc. No. 39).  Petitioner seeks reconsideration of this Court's June 28, 2012 order denying his § 2255 motion.  (CV Doc. No. 33).  As explained below, his motion for reconsideration is denied.

**I.  Background**

On October 17, 2006, Petitioner was charged with conspiracy to violate federal bankruptcy laws, wire fraud affecting a financial institution, false statements, and two counts of bankruptcy fraud.  (CR Doc. 30).  On June 20, 2007, the Court appointed Ronald Kurpiers to represent him.  (CR Doc. 105).

Petitioner pled guilty to Counts One (conspiracy to commit bankruptcy fraud) and Two (wire fraud) of the indictment on October 5, 2007.  (CR Docs. 174, 318).  At that plea hearing, Petitioner was represented by his co-defendant wife's attorney, Marcelino Huerta, because his attorney, Ronald Kurpiers, was unavailable.  (CR Doc. 318, p.3).  Petitioner waived the conflict. (Cr. Doc. 318 p.3, 5-9, 18-20).

---

[1] The Court notes that on the same date that Petitioner submitted the instant motion to prison officials for filing, Petitioner also submitted a notice of appeal to prison officials for filing. (Doc. No. 40). However, the notice of appeal does not divest this Court of jurisdiction to deny Petitioner's motion for reconsideration. See Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003).

Thereafter, Petitioner sought to withdraw his guilty plea to Count Two (wire fraud), and to enter guilty pleas to two counts of bankruptcy fraud (Counts Five and Six). (Tr. Feb. 21, 2008, p.8). After several hearings regarding the factual proffer, this Court found a sufficient factual basis for the bankruptcy fraud pleas, allowed Petitioner to withdraw his guilty plea as to wire fraud, and accepted the guilty plea to the two counts of bankruptcy fraud. (Tr. Feb. 21, 2008; Tr. Feb. 22, 2008).

On May 2, 2008, Petitioner was sentenced to five years of incarceration on each of the three counts, all to run consecutively, for a total sentence of 15 years followed by 36 months of supervised release. (CR Doc. 273). Thereafter, Petitioner filed a timely § 2255 motion. (CV Doc. No. 21).

In his § 2255 motion, Petitioner argued that his stand-in counsel, Marcelino Huerta, had a conflict of interest at his first plea hearing on October 5, 2007, and that his waiver of that conflict was involuntary, and as such, his counsel was ineffective. Additionally, Petitioner argued that there was no factual basis for his pleas to bankruptcy fraud at his second plea hearing on February 21, 2008, and therefore, his plea was in violation of his due process. After fully addressing these arguments, as well as others, the Court denied his § 2255 motion.

## II. Motion for Reconsideration

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Upon review of Petitioner's motion, the Court finds that it should be denied, because reconsideration is not warranted.

In the instant motion, Petitioner makes the same arguments that were considered and rejected by this Court in its order denying his § 2255 motion: (1) that stand-in counsel,

Marcelino Huerta, had a conflict of interest at his first plea hearing on October 5, 2007, and as such, counsel was ineffective; and (2) that he was never informed at the second plea hearing on February 21, 2008 of the true nature of the bankruptcy fraud charges that he pled to and that no one explained to him that the alleged false statement had to be made with "specific intent to defraud." As such, reconsideration is not warranted, and Petitioner's motion must be denied.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration (CV Doc. No. 39) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of September, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Defendant